UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10063-RWZ

UNITED STATES OF AMERICA

v.

JOHNNY PIRES

ORDER ON MOTION TO COMPEL

July 22, 2009

ZOBEL, D.J.

Defendant, Johnny Pires ("Pires"), stands indicted on two counts of attempted receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B). (Docket # 1.)  He has moved to compel the United States to make substantive disclosures under Fed. R. Crim. P. 16 concerning anticipated testimony by its proposed computer forensic expert, FBI employee David Brinton ("Brinton").  (Docket # 48.)

The government has provided Pires with a "Report of Examination" dated December 6, 2007 (Docket # 48, Ex. D), in which Brinton describes the steps he took to examine computers seized during a search of defendant's residence.  The report, however, only describes in the most general terms the evidence Brinton collected, without describing substantively the contents of that evidence.  For example:

> Located and bookmarked file cache and settings from the LimeWire application.  Provided an internet history and cookie information in spreadsheet and database form.  Provided basic Windows registry

information in web page based format.

(Id. at 209.) The actual data in the spreadsheets, databases and web pages mentioned in this account and elsewhere in the report is neither described nor was it provided to defendant.[1] (See id. at 209-10 (describing additional bookmarks, database and spreadsheet evidence files created by Brinton).) Federal Rule of Criminal Procedure 16(a)(1)(F) requires the government, upon defendant's request, to "permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment" if, inter alia, "the government intends to use the item in its case-in-chief at trial." Here, the government has made a physical examination of the computer it alleges contained child pornography. Defendant has requested the access to the results of that examination. If the government intends to rely on any of the items listed in Brinton's report not yet provided to defendant to establish an element of the charged offenses, it must make those items available for inspection by Pires' counsel and computer expert.

Defendant further argues that Brinton's proposed testimony amounts to expert interpretation and thus falls under the disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G). In particular, he points to the government's disclosure that Brinton

> may testify as to the history of [I]nternet sites visited, registry reports regarding recently used files and registered names, information regarding cookies and any viruses found on the computer as well. FE Brinton may testify as to how many searches were performed using the LimeWire software, when they were done and how many files were downloaded. In so testifying, FE Brinton will rely on his knowledge, skill, training and

---

[1] On July 15, 2009, the government provided some of the data from Brinton's report to defendant.

2

experience in forensic analysis of computers.

(Docket # 51, 7.)  Fed. R. Crim. P. 16(a)(1)(G) requires the government to provide defendant a summary of any testimony that it intends to use under Fed. R. Evid. Rules 702, 703 or 705.  These rules pertain to lay or expert opinion testimony.  If, as defendant asserts, the government intends to elicit from Brinton factual information that is not recorded directly, but rather requires interpretation of or inference from some related information, then the government must provide defendant with a summary of that anticipated testimony.

**Conclusion**

Accordingly, defendant's motion to compel (Docket # 48) is ALLOWED.  The United States shall provide defendant access to the examination results it intends to use in its case-in-chief no later than 12:00 noon on July 23, 2009.  The government shall also provide a summary of the testimony it intends to use under Fed. R. Evid. 702, 703 or 705, including a description of the witness's opinions and the bases and reasons for those opinions, by no later than 12:00 noon on July 24, 2009.

|  July 22, 2009  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |